1  Claire Dossier (CA State Bar No. 264253)
   MITCHELL BARLOW & MANSFIELD, P.C.
2  Boston Building
   Nine Exchange Place, Suite 600
3  Salt Lake City, Utah 84111
4  Telephone:  (801) 998-8888
   Facsimile:  (801) 998-8077
5  Email: cdossier@mbmlawyers.com

6  *Attorneys for Defendants*

7

8  **UNITED STATES DISTRICT COURT**
   **CENTRAL DISTRICT OF CALIFORNIA**
9

| | |
|---|---|
| 10  TARA JESSOP, an individual, | Case No. 8:21-cv-00315-JVS-DFM |
| 11          Plaintiff, | **STIPULATED PROTECTIVE ORDER** |
| 12     v. | |
| 13  JENNA MARIE RAMMELL, an individual; ANDREW RAMMELL, an individual, | |
| 14 | |
| 15          Defendants. | |
| 16 | |

17
   **I.      PURPOSES AND LIMITATIONS**
18
          A.      Discovery in this action is likely to involve production of confidential, proprietary,
19
   or private information for which special protection from public disclosure and from use
20
   for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the
21
   parties hereby stipulate to and petition the Court to enter the following Stipulated
22
   Protective Order.  The parties acknowledge that this Order does not confer blanket
23
   protections on all disclosures or responses to discovery and that the protection it affords
24
   from public disclosure and use extends only to the limited information or items that are
25
   entitled to confidential treatment under the applicable legal principles.  The parties further
26
   acknowledge that this Stipulated Protective Order does not entitle them to file confidential
27
28

information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

## II. GOOD CAUSE STATEMENT

The parties expect that discovery will require each side to disclose proprietary, confidential, and commercially sensitive business information, including, but not limited to, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter.  It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

III. **DEFINITIONS**

3.1. "Material" refers to any document, data compilation, testimony, or other information in any form produced or disclosed in this action (including copies) through any means of discovery authorized by law, whether by a party or non-party.

3.2. Material may be designated "CONFIDENTIAL" if the Designating Party in good faith believes that disclosure of such Material in this case without the designation may present a risk of injury to any legitimate interest of the Disclosing Party. Confidential information includes, but is not limited to, all Material reflecting, referring to, or evidencing any information deemed confidential by any local, state, or federal statute, ordinance, regulation, or other law; business plans or forecasts; financial plans or forecasts; state or federal income tax returns and schedules filed therewith; operational plans and forecasts; banking and other financial statements or related documents; and all private or sensitive commercial, financial, personal, personnel, underwriting, rating, claims, and insurance policy information. Confidential information may take the form of, but is not limited to, (a) documents, interrogatories, requests for admission, and answers thereto; (b) hearing or deposition transcripts and related exhibits; and (c) all copies, abstracts, excerpts, analyses, and complete or partial summaries prepared from or containing, reflecting, or disclosing such confidential information.

3.3. A party may also designate Material as "CONFIDENTIAL—ATTORNEY EYES ONLY." Material must meet the CONFIDENTIAL designation requirements of Section 1.2 and must be so proprietary or sensitive that its disclosure to persons other than those enumerated in Section 6.3 below could cause irreparable injury to one or more of the parties.

3.4. "Disclosing Party" refers to a party or non-party to this action who produces Material.

3.5. "Designating Party" refers to a party or non-party to this action who designates Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY.

3.6. "Requesting Party" refers to a party who has made a discovery request.

3.7. "Receiving Party" refers to a party who receives Material.

## IV. SCOPE OF PROTECTIVE ORDER

4.1. Except as the parties may otherwise agree or the Court may order, Material produced in this litigation, whether or not designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY, including any excerpt, analysis, summary, or description of that Material, shall be used solely for the prosecution or defense of the above-captioned action, including appeals, and shall not be used or disclosed for any other purpose, including any business purpose.

4.2. This Protective Order shall govern all Material produced in this action, including Material produced prior to entry of this Protective Order (if any).

4.3. The protections of this Protective Order shall not apply to Material that a Receiving Party acquires independent of any disclosure obtained by discovery in this action, or was actually public knowledge, provided that the Material did not become public knowledge through an act or omission of a Receiving Party.

## V. DESIGNATION OF MATERIAL AS CONFIDENTIAL OR CONFIDENTIAL— ATTORNEY EYES ONLY

5.1. General Provisions.

5.1.1. A Disclosing Party may designate Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY only if the Material (1) is CONFIDENTIAL, as defined by Section 1.2, or CONFIDENTIAL—ATTORNEY EYES ONLY as defined by Section 1.3; and (2) is not excluded from the scope of this Protective Order by Section 2.3.

       5.1.2.  To designate Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY, the Disclosing Party may (1) either mark each page of a copy of a paper document that contains such information; (2) label other media containing such information with the words "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY EYES ONLY" prior to the production to the other party, or at such time as the Disclosing Party learns that a document is confidential; or (3) proceed in accordance with Section 3.4 below.  When CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY Material is supplied or stored on an electronic medium, the CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY designation shall be made, to the extent physically possible, on the medium itself (such as on a label attached to a disk), on the sleeve, envelope, box, or other container or such medium. Where PDF format documents are produced, the Disclosing Party must stamp each page with the applicable designation and should include the designation in the filename.  Where documents are produced in native electronic format, the Disclosing Party should include the designation in the filename.

       5.1.3.  To designate Material produced by any other party or by a non-party as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY, the Designating Party shall provide written notice to all other parties specifying the documents or Material to be designated and provide replacement copies with the appropriate designations under this Protective Order within fifteen (15) days of the Designating Party's receipt of the document.

  5.2.    <u>Depositions</u>.

       5.2.1.  All deposition transcripts and exhibits from depositions taken in this action shall be deemed CONFIDENTIAL for fifteen (15) days after the official transcript of the deposition testimony becomes available.  To designate deposition testimony, or exhibits thereto, as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY, the Designating Party shall make an oral statement on the record to that effect during the deposition, which shall specify

the particular portion of the deposition or the exhibit that is confidential. Alternatively, for depositions, the Designating Party may provide written notice to all other parties within fifteen (15) days after the official transcript becomes available that such testimony is confidential, designating the confidential information by page and line description or exhibit description.

       5.2.2.  Any document, deposition transcript (or portion thereof), or exhibit designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY as provided herein, copies thereof, and information contained in the designated portion(s) shall be subject to the restrictions set forth herein.  Failure to designate exhibits to a deposition as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY shall not waive or affect in any way a designation for previously-designated documents or exhibits, and such documents shall remain subject to the applicable provisions of this Protective Order.  The designation of any portion of a deposition as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY shall not constitute a designation for any documents used or produced therein, if such documents are not independently designated as provided herein.

       5.3.    <u>Third Parties</u>.  Any person not a party to this litigation who is requested by subpoena or otherwise to produce documents or information or to give testimony in connection with this litigation may designate Material that it produces or provides as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY pursuant to this Protective Order.  A party may also designate Material produced by a non-party pursuant to subpoena as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY pursuant to this Protective Order in accordance with Section 3.1.3 above.  Such Material and designations shall be subject to the provisions of this Protective Order.

       5.4.    <u>Inspection</u>.  If documents, physical objects, or other Material within the possession, custody, or control of a party or third party are voluminous or produced as they are

kept in the usual course of business such that CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY designations prior to inspection are impracticable, such Material may be made available for inspection during the course of discovery prior to numbering, duplication, and/or final delivery.  During the inspections, all such documents, objects, or Material shall be treated by the attorney, expert, or consultant making the inspection as CONFIDENTIAL—ATTORNEY EYES ONLY for purposes of the inspection, and neither the documents themselves nor oral or written descriptions of the Material shall be disclosed contrary to the terms of this Protective Order, until the Disclosing Party has a reasonable opportunity to make designations as set forth in this paragraph.  If, based on an inspection as described in this paragraph, the inspecting party notifies the Disclosing Party of its desire to make copies of any such documents or to receive any such physical objects or other Material, the Disclosing Party may at that time designate any copies made or items provided as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY.  In lieu of marking the original of a document, if the original is not produced, the producing party may mark the copies that are produced or exchanged.  Originals shall be preserved for inspection.

     5.5.   <u>Non-Waiver</u>.  The Disclosing Party's failure to designate Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY at the time of production or disclosure of the Material does not waive its right later to designate the Material as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY.  Such correction and notice thereof shall be made in writing, accompanied by substitute copies of each item, appropriately marked either CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY. Within five (5) business days of receipt of the substitute copies, the Receiving Party shall return or delete and destroy the previously unmarked items and all copies thereof.  If the Receiving Party deletes and destroys the previously unmarked items and any copies, it shall

provide written notice confirming the deletion and destruction to the Disclosing Party within five (5) business days of receipt of the substitute copies. In lieu of substitute copies, the parties may mutually agree that previously provided copies can be marked as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY. After any designation, each Receiving Party shall treat the designated Material as either CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY and subject to the protections of this Protective Order.

5.6. <u>Challenging Confidentiality Designations</u>. If a Receiving Party disputes the confidentiality designation of any Material, the parties will confer in good faith to attempt to resolve any dispute. In the event the parties cannot resolve the dispute, the Receiving Party may challenge the confidentiality designation by a statement of discovery issues under Fed. R. Civ. P. 37(a) and C.D. Cal. Local Rule 37.1 et. seq. On such a statement of discovery issues, the Designating Party bears the burden of proving that the challenged Material is entitled to be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY. The challenged Material shall be treated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY pending a ruling on the statement of discovery issues.

**VI.   USE, HANDLING, AND DISCLOSURE OF CONFIDENTIAL OR CONFIDENTIAL—ATTORNEY EYES ONLY MATERIAL**

6.1. <u>Use and Handling of CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY Material</u>.

6.1.1. To the extent any Material filed with the Court, including pleadings, exhibits, transcripts, answers to interrogatories, and responses to requests for admission, contains or reveals CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY Material, the party filing the Material or any portion thereof shall file a motion to classify the filing containing the protected Material as "PRIVATE" or "SEALED." Alternatively, a party may file a redacted

version of its filing that excludes or redacts protected Material, providing unredacted copies to opposing counsel and to chambers for in camera review.

   6.1.2. All copies, duplicates, extracts, summaries, or descriptions (collectively "copies") of Material designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY, or any portion thereof, shall immediately be affixed with the words "CONFIDENTIAL" or "CONFIDENTIAL—ATTORNEY EYES ONLY" if such a word does not already appear.

   6.1.3. Material designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY shall not be posted on the Internet or in any other public forum, except court filings made in accordance with section 6.1.1 above.

   6.1.4. Material designated as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY does not lose protected status through unauthorized disclosure, whether intentional or inadvertent, by a Receiving Party. If such a disclosure occurs, the parties shall take all steps reasonably required to assure the continued confidentiality of the Material.

  6.2. <u>Restrictions on Use and Disclosure of CONFIDENTIAL—ATTORNEY EYES ONLY Material</u>. Any Material that is designated CONFIDENTIAL—ATTORNEY EYES ONLY shall not be disclosed to any person or entity other than the following, and only after such person or entity has been advised of and is subject to the terms of this Protective Order:

   6.2.2. The Court and its staff;

   6.2.3. Outside counsel of record for the parties in this litigation;

   6.2.4. Members of the legal, paralegal, secretarial, or clerical staff of such outside counsel who are assisting in or responsible for working on this litigation;

   6.2.5. Outside consultants, investigators, or experts (collectively "experts") of the parties in this litigation;

6.2.6. Members of the professional, secretarial, or clerical staff of such experts;

6.2.7. Court reporters during depositions or hearings in this litigation;

6.2.8. Deponents during depositions or witnesses during hearings in this litigation;

6.2.9. Persons who have had, or whom any counsel for any party in good faith believes to have had, prior access to the CONFIDENTIAL Material being disclosed, or who have been participants in a communication that is the subject of the CONFIDENTIAL Material and from whom verification of or other information about that access or participation is sought, solely to the extent of disclosing such information to which they have or may have had access or that is the subject of the communication in which they have or may have had participated; except that, unless and until counsel confirms that any such persons have had access or were participants, only as much of the information may be disclosed as may be necessary to confirm the person's access or participation; and

6.2.10. Employees of third-party contractors of the parties involved solely in providing copying services or litigation support services such as organizing, filing, coding, converting, storing, or retrieving Material connected with this litigation.

6.3.  <u>Restrictions on Use of CONFIDENTIAL Material</u>.  Any Material that is designated CONFIDENTIAL may not be disclosed, except to: (i) the persons authorized to receive CONFIDENTIAL—ATTORNEY EYES ONLY Material as set forth above in section 6.2, and (ii) the parties, including in-house counsel, officers, directors, partners, employees, or agents of a party required to provide assistance in the conduct of the litigation.

6.4.  <u>Experts</u>.  Prior to disclosure of any CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY Material to any expert employed by the parties or counsel for the parties to assist in the preparation and litigation of this matter, he or she must first be advised of

and agree in writing to be bound by the provisions of this Protective Order and sign the Undertaking attached to this Protective Order as <u>Exhibit A</u>.  Copies of such writings, except as to those persons whose identities need not be disclosed in discovery, shall be produced to other parties upon written request.

### VII. **OTHER PROVISIONS**.

7.1. Any third party producing Material in this action may be included in this Protective Order by endorsing a copy of this Protective Order and delivering it to the Requesting Party, who, in turn, will serve it upon counsel for the other parties.

7.2. This Protective Order shall not prevent any party from applying to the Court for further or additional protective orders, or from agreeing with the other parties to modify this Protective Order, subject to the approval of the Court.

7.3. This Protective Order shall not preclude any party from enforcing its rights against any other party, or any non-party, believed to be violating its rights under this Protective Order.

7.4. Except as provided for in this Protective Order, nothing in this Protective Order, nor any actions taken pursuant to this Protective Order, shall be deemed to have the effect of an admission or waiver by any party, including the right of either party to object to the subject matter of any discovery request.  Furthermore, nothing in this Protective Order, nor any actions taken pursuant to or under the provisions of this Protective Order shall have the effect of proving, suggesting to prove, or otherwise creating a presumption that information disclosed in this action is confidential, a trade secret, or proprietary, as it pertains to the parties' respective claims in this action.

7.5. After the final termination of this litigation, including any appeal, each counsel of record, upon written request made within 60 days of the date of final termination, shall within 60 days of such request: (a) destroy, or (b) assemble and return to the counsel of record, all Material

in their possession or control, embodying information designated CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY, including all copies and electronic copies thereof, except that each counsel of record may maintain one archive copy of all pleadings, correspondence, deposition transcripts, deposition exhibits, trial transcripts, and trial exhibits, together with any attorney work product, provided that such archive copy be appropriately marked as CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY and be retained in accordance with the terms of this Protective Order.

      7.6.    Counsel for any party may exclude from the room at a deposition, or other discovery proceedings or at a hearing, during any questioning that involves CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY Material, any person (other than the witness then testifying) who is not permitted the disclosure of such Material under this Protective Order.

      7.7.    Nothing in this Protective Order shall bar or otherwise restrict any counsel of record from rendering advice to his or her client with respect to this litigation and, in the course thereof, from referring to or relying in a general way upon his or her examination of any CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY Material; provided, however, that in rendering such advice and in otherwise communicating with his or her client, the attorney shall make no disclosure of the contents or the source of any CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY Material if such disclosure would be contrary to the terms of this Protective Order.

      7.8.    Inadvertent production of Material subject to any privilege or immunity shall not constitute a waiver in whole or in part of the privilege or immunity provided that the Disclosing Party notifies the other parties in writing of such inadvertent production within ten (10) business days from the discovery of the inadvertent production. Such inadvertently produced documents and all copies thereof shall be returned to the Disclosing Party upon request within five (5)

business days. No use may be made of inadvertently produced documents subsequent to the request to return them. Nothing in this Protective Order shall limit the parties from requesting that the Court order the production of any inadvertently produced documents. Nothing in this Protective Order prevents any Disclosing Party from petitioning the Court for return of later-discovered, inadvertently produced documents that are subject to a privilege or immunity.

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

Dated: September 1, 2021  /s/ Claire Y. Dossier
Claire Y. Dossier, CA State Bar No. 264253
MITCHELL BARLOW & MANSFIELD, P.C.
Nine Exchange Place, Suite 600
Salt Lake City, Utah 8411
*Attorneys for Defendants*

Dated: September 1, 2021  /s/ Trevor J. Lee
Trevor J. Lee, CA State Bar No. 301107
MANNING CURTIS BRADSHAW & BEDNAR PLLC
136 East South Temple, 13th Floor
Salt Lake City, Utah 84111
*Attorneys for Plaintiff*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated: September 7, 2021

HONORABLE DOUGLAS F. MCCORMICK
United States Magistrate Judge

**EXHIBIT A**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| TARA JESSOP, an individual,<br><br>        Plaintiff,<br><br>   v.<br><br>JENNA MARIE RAMMELL, an individual; ANDREW RAMMELL, an individual,<br><br>        Defendants. | Case No. 37-2019-00026629-CU-OE-CTL<br><br>**UNDERTAKING** |

    The undersigned has read the Stipulated Protective Order, understands its contents, and agrees to make no disclosures of discovery Material marked CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY to any person who is not permitted to have access to the information under the Protective Order.  In addition, the undersigned agrees not to use the CONFIDENTIAL or CONFIDENTIAL—ATTORNEY EYES ONLY information for any purpose other than in connection with this action.  The undersigned understands that a violation of this undertaking could be punishable as a contempt of court and hereby submits itself to the jurisdiction of the Central District of California Court for purposes of enforcement of this Stipulated Protective Order.

    Name: _____        Date:_____
    (print)

    Signature: _____